IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY STEVENSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   NO. 12-CV-260-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The petitioner was sentenced to a term of life imprisonment on September 4, 2009, for conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. The petitioner filed a direct appeal of his sentence and conviction, which were affirmed. *See, United States v. Stevenson*, 656 F.3d 747 (7th Cir. 2011). He now seeks habeas review asserting twelve grounds for review, including: ineffective assistance of trial counsel for failing to move for a judgment of acquittal; ineffective assistance of appellate counsel for failing to argue on appeal that the government did not prove its case beyond a reasonable doubt; ineffective assistance of trial counsel for failing to challenge venue in the Southern District of Illinois; ineffective assistance of trial counsel for failing to raise multiple conspiracies defense; ineffective assistance of trial counsel for failing to challenge the introduction of marijuana evidence at trial; ineffective assistance of trial for failing to argue that the government amended the indictment; ineffective assistance of appellate counsel for failing to raise a fifth amendment violation on direct appeal; ineffective assistance of trial counsel for failing to challenge the

admission of a recording at trial; ineffective assistance of trial counsel for failing to object to the government's use of recordings during the closing arguments; ineffective assistance of trial counsel for failing to consult with the defendant and prepare an adequate defense; and that petitioner is actually innocent of the crimes charged because the government failed to prove an essential element of the charges.

The Court has conducted several threshold inquiries. Petitioner is a federal prisoner, in custody, and this is the Court that imposed his sentence. See 28 U.S.C. § 2255(a). His claims for relief rely upon the grounds that his sentence was imposed "in violation of the Constitution or laws of the United States." *See id*. The motion was filed within one year of the date on which petitioner's conviction became final. *See Clay v. United States*, 537 U.S. 522, 525 (2003); 28 U.S.C. § 2255(f). This is not a "second or successive" motion that would require leave from the court of appeals. 28 U.S.C. § 2255(h).

Accordingly, the Court **DIRECTS** the Government to respond to petitioner's motion (Doc. 1), attaching all relevant portions of the record, within forty-five (45) days of the date of this Order.

**IT IS SO ORDERED.**

**DATE: 10 September, 2012**

                              /s/  WILLIAM D. STIEHL
                                 DISTRICT JUDGE