UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY STEVENSON,  Petitioner, | |
| v. | Civil No. 12-cv-260-JPG |
| UNITED STATES OF AMERICA,  Respondent. | Criminal No 07-cr-30178-WDS |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Gary Stevenson's motion to reopen this case pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 40). This is his second motion asking the Court to revisit Judge William D. Stiehl's order and judgment denying his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 20 & 21). This case has been reassigned to the undersigned judge. As in his first motion, Stevenson points out what he believes was a factual error related to venue in his criminal case. Defense counsel's failure to object to venue was one of the issues Stevenson raised in his § 2255 motion. He now asks the Court to fix the injustice the error has caused him in his direct appeal and his § 2255 motion.

Stevenson's motion is actually a successive § 2255 motion. A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Stevenson's pending motion does not assert a defect in the integrity of the § 2255 proceedings. On the contrary, it either asserts a new venue argument or reasserts his ineffective assistance of counsel claim for failing to raise a venue argument and is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Stevenson's motion (Doc. 40) and **DISMISSES** it for **lack of jurisdiction**.

Further, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate is required for cases in which the court dismisses an unauthorized second or successive collateral attack for lack of jurisdiction. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds

that Stevenson has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: November 24, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
