UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY STEVENSON, | |
|     Petitioner, | |
|     v. | Civil No. 12-cv-260-JPG |
| UNITED STATES OF AMERICA, | Criminal No 07-cr-30178-WDS |
|     Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Gary Stevenson's motion to vacate pursuant to Federal Rule of Civil Procedure 60(d)(3) Judge William D. Stiehl's November 25, 2013, order and judgment denying his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 42).   This is Stevenson's third motion asking the Court to revisit Judge Stiehl's order and judgment (Docs. 20 & 21).   This case has been reassigned to the undersigned judge.   In his first two motions, Stevenson pointed out what he believes was a factual error related to venue in his criminal case.   Defense counsel's failure to object to venue was one of the issues Stevenson raised in his § 2255 motion.   The Court found that Stevenson's prior motions were actually successive § 2255 motions because they either asserted a new claim or attacked the Court's prior resolution of a ground for relief, but they did not assert a defect in the integrity of the § 2255 proceedings.   Under the rule of *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), his motions were therefore successive § 2255 motions that this Court is unable to consider without certification from the Seventh Circuit Court of Appeals.   *See* 28 U.S.C. § 2255(h); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In his third motion seeking relief from Judge Stiehl's ruling, Stevenson attempts to

characterize his argument as an attack on the integrity of the prior § 2255 proceedings so that he can escape the successive petition bar.  He argues that the Government's attorney committed fraud on the Court during the § 2255 proceedings by deceiving the Court into accepting a position contrary to Stevenson's on the venue issue in his criminal case when the Government knew that position was wrong.  Stevenson then goes on to explain why he believes the Government's position regarding venue in his criminal case was wrong.  He asks the Court to set aside the judgment in this case pursuant to Federal Rule of Civil Procedure 60(d)(3).

Stevenson's motion is not a real attack on the integrity of the § 2255 proceedings in front of Judge Stiehl but is instead a thinly veiled attack on the merits of Judge Stiehl's judgment in this case.  Therefore, for the reasons explained in the Court's prior orders dismissing Stevenson's other successive petitions (Docs. 39 & 41), the Court finds it does not have jurisdiction to consider this successive petition and **DISMISSES** it for **lack of jurisdiction** (Doc. 42).

Further, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate is required for cases in which the court dismisses an unauthorized second or successive collateral attack for lack of jurisdiction.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord*

*Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Stevenson has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: February 5, 2015**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**